UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x
:
SCOTT KIMBALL, On behalf of himself and all : 
others similarly situated, : Case No. 1:05-cv-04725-KMK
:
Plaintiff, : CLASS ACTION
:
vs. :
:
MBNA CORP., BRUCE L. HAMMONDS, :
KENNETH A. VECCHIONE, RICHARD K. :
STRUTHERS, CHARLES C. KRULAK, JOHN :
R. COCHRAN, III, MICHAEL G. RHODES, :
LANCE L. WEAVER, and JOHN W. :
SCHEFLEN, :
:
Defendants. :
:
―――――――――――――――――――――――x
:
VIRGINIA McMATH, On behalf of herself and :
all others similarly situated, : Case No. 1:05-cv-05168-KMK
:
Plaintiff, : CLASS ACTION
:
vs. :
:
MBNA CORP., BRUCE L. HAMMONDS, :
KENNETH A. VECCHIONE, RICHARD K. :
STRUTHERS, CHARLES C. KRULAK, JOHN :
R. COCHRAN, III, MICHAEL G. RHODES, :
LANCE L. WEAVER, and JOHN W. :
SCHEFLEN, :
:
Defendants. :
:
―――――――――――――――――――――――x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ACTIVEST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**INTRODUCTION**

Class member Activest Investmentgesellschaft mbH for account of the PT-Master fund and Enerfonds ("Activest") respectfully submits this Memorandum of Law in support of its motion for entry of an order consolidating the above-captioned actions, appointing Activest as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and approving Activest's selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") to serve as Lead Counsel pursuant to the PSLRA.

In addition to the above-captioned actions, eight substantially similar securities class actions are pending in the District of Delaware, where MBNA Corp. is headquartered.[1] We anticipate that all of these related securities class actions will be transferred, either by agreement of the parties or motion, to a single district. The Class Period is January 20, 2005 to April 21, 2005.

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate the above-captioned actions (the "Actions"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the court is to appoint as the lead plaintiff the movant or group of movants with the largest financial interest of those seeking such appointment in the litigation and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.*

---

[1] These are captioned: *Baker v. MBNA Corp. et al.*, No. 05-CV-272-GMS (May 5, 2005); *Phillips v. MBNA Corp. et al.*, No. 05-CV-277-GMS (May 9, 2005); *Wilkins v. MBNA Corp. et al.*, No. 05-CV-287-GMS (May 12, 2005); *Bronstein v. MBNA Corp. et al.*, No. 05-CV-289-GMS (May 13, 2005); *Penn v. MBNA Corp. et al.*, No. 05-CV-293-GMS (May 13, 2005); *Jones v. MBNA Corp. et al.*, No. 05-CV-316-GMS (May 20, 2005); *Blum v. MBNA Corp. et al.*, No. 05-CV-372-GMS (June 8, 2005); and *Cussen v. MBNA Corp. et al.*, No. 05-CV-389-GMS (June 13, 2005).

In Point I, Activest submits that the above-captioned actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). In Point II, Activest argues that it should be appointed Lead Plaintiff and that its selection of Lead Counsel should be approved because Activest: (1) timely filed for a motion for appointment of Lead Plaintiff; (2) suffered losses of *$690,012* in connection with its transactions in MBNA Corp. ("MBNA") securities, and thus have the largest financial interest in this litigation of any plaintiff or lead plaintiff movant of which Activest is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In Point III, Activest argues that its selection of Milberg Weiss as Lead Counsel should be approved by the Court because, pursuant to the PSLRA, the presumptive Lead Plaintiff selects lead counsel. Milberg Weiss has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members.

## SUMMARY OF FACTS[2]

During the Class Period defendants projected annual income growth of 10%. In the weeks following the projection, MBNA insiders sold more than one million shares of their personally-held MBNA stock, including 351,409 shares sold by defendant Bruce L. Hammond on January 27, 2005 for proceeds in excess of $9 million. On April 21, 2005, defendants created what one analyst described as "shock and awe" in the market place by announcing that first-quarter income was down 93% percent year-over-year, including a one-time restructuring charge, making it highly unlikely that the Company would be able to achieve 10% annual income growth, and that, moreover, the reduced earnings included a $207 million write-down of

---

2 These facts are derived from the allegations in the complaint captioned *Phillips v. MBNA Corp., et al.*, No. 05-CV-277 (D. Del. filed May 9, 2005)(GMS). A copy of this complaint is attached as Exhibit A to the declaration of Peter E. Seidman.

MBNA's "interest-only strip receivable," which is a measure of anticipated credit-card interest payments that is supposed to be adjusted on an ongoing basis. On this news, shares of MBNA fell to a two-year intraday low of $18.50 before closing at $19.28, down $3.83, or 16.6%, on a day most major bank stocks rose.

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate the above-captioned actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See generally Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Pending before this Court are two related actions, each of which assert class claims on behalf of those who purchased or otherwise acquired MBNA securities at prices artificially inflated by defendants' materially false and misleading statements, and were damaged economically, in violation of the Exchange Act. The Actions each name the Company and certain of its officers and/or directors as defendants and involve virtually identical factual and legal issues. Consolidation of the Actions will also result in substantial efficiencies. Thus, because the Actions involve numerous common issues of law and fact, consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a).

### POINT II

### ACTIVEST SHOULD BE APPOINTED LEAD PLAINTIFF

Activest should be appointed Lead Plaintiff because it has complied with all of the PSLRA's requirements, has demonstrated the largest financial interest in this litigation and otherwise meets the relevant requirements of Fed. R. Civ. P. 23. As the presumptive Lead

Plaintiff, Activest's selection of the law firm of Milberg Weiss to serve as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), should be approved by the Court.

### A. The Procedure Required By the PSLRA

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed, above-captioned action caused notice to be published on *Business Wire*, a business-oriented and well known national newswire service, on May 5, 2005. *See* Declaration of Peter E. Seidman at Exhibit B.

Second, within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Finally, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal
    Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See generally Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, No. 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *17-23 (S.D.N.Y. May 27, 2004) (Sweet, J.).

  **B.**  **Activest Satisfies The Lead Plaintiff Requirements Of The PSLRA**

    **1.**  **Activest Has Complied With the
      PSLRA and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on July 5, 2005 (60 days after publication of the May 5, 2005, notice announcing the filing of the first action).  Activest's application, filed July 5, 2005, is thus timely.  Activest has reviewed the complaint and is willing to serve as a representative party on behalf of the Class.  *See* Exhibit B (Activest's certification).  In addition, Activest has selected and retained competent counsel to represent them and the Class. *See* Exhibit E.  Accordingly, Activest has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff, and its selection of Milberg Weiss as Lead Counsel approved by the Court.

    **2.**  **Activest Has The Requisite Financial
      Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications and chart showing Activest's Class Period transactions, *see* Exhibits C-D , Activest incurred a substantial loss of approximately **$690,012** on its transactions in MBNA shares.  *See* Exhibit C. Activest has a large financial interest in this case, which, to the best of its knowledge, constitutes the largest financial interest in the litigation. Therefore, Activest satisfies the financial interest requirement pursuant to 15 U.S.C. § 78u-4 (a)(3)(B).

5

### 3.      Activest Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two, typicality and adequacy, directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Pirelli Armstrong Tire Corp,* 2004 U.S. Dist. LEXIS 9571, at *53. Activest satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp,* 2004 U.S. Dist. LEXIS 9571, at *54; *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims

6

asserted that determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Pirelli Armstrong Tire Corp,* 2004 U.S. Dist. LEXIS 9571, at *54.

Activest satisfies this requirement because, just like all other class members, it: (1) purchased or otherwise acquired MBNA shares during the Class Period; and (2) suffered damages thereby. Thus, Activest's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock*, 212 F.R.D. at 131 (citation omitted).

Activest is an adequate representatives of the class. As evidenced by the injury it suffered based on defendants violations of the federal securities laws, Activest's interest is clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Activest's interests and those of the other members of the class. In addition, as shown below, Activest's proposed Lead Counsel is highly qualified, experienced and

able to conduct this complex litigation in a professional manner. Thus, Activest *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III

### ACTIVEST'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Activest has selected Milberg Weiss to serve as lead counsel, subject to Court approval. Milberg Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. As is evidenced by its firm resume, Milberg Weiss has been appointed lead or co-lead counsel in landmark class actions, including *In re Initial Public Offering Sec. Litig.*, No. 21 mc 92 (S.D.N.Y. filed Aug. 9, 2001), and in *In re Mutual Funds Inv. Litig.*, MDL No. 1586. *See* Exhibit E (attaching Milberg Weiss firm resume).

### CONCLUSION

For the foregoing reasons, Activest satisfies the requirements of the PSLRA for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Activest respectfully requests that this Court: (1) consolidate the Actions; (2) appoint it as Lead Plaintiff pursuant to § 21D (a)(3)(B) and (3) approve its selection of Milberg Weiss as Lead Counsel.

DATED: July 5, 2005								Respectfully submitted,

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

By:       /s/Peter E. Seidman
Steven G. Schulman  (SS-2561)
Peter E. Seidman (PS-8769)
Andrei V. Rado (AR-3724)
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

**Proposed Lead Counsel**

Case 1:05-cv-00643-GMS    Document 27    Filed 09/02/2005    Page 11 of 11

i